UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E. FANN,

                Petitioner,                Case Number 10-11053
                                                Honorable Lawrence P. Zatkoff

v.

ROBERT NAPEL,

                Respondent.
_____/

**OPINION & ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

This matter is before the Court on Petitioner's pro se request for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Oakland Circuit Court of four counts of uttering and publishing. MICH. COMP. LAWS § 333.7401(2)(A)(4).  He was sentenced as a fourth-time habitual felony offender to 3-to-20 years imprisonment. The petition raises three claims: (1) Petitioner was deprived of due process when restitution was improperly assessed; (2) Petitioner was deprived of due process when the victim impact statement was received; and (3) Petitioner was deprived of due process when a delay in the charges resulted in a harsher sentence.  The petition will be denied because none of Petitioner's claims have merit.  Petitioner will also be denied a certificate of appealability and denied leave to proceed on appeal in forma pauperis.

**Background**

The charges against Petitioner arose when he cashed at least four forged or altered checks that where intended for his adult son.  Prior to trial, Petitioner accepted a plea bargain whereby he agreed to plead guilty to the four uttering and publishing charges in exchange for an agreement by

the trial court that his minimum sentence would not exceed three years. After a thorough plea colloquy–the validity of which Petitioner does not contest–the trial court accepted Petitioner's plea as understanding, accurate, and voluntary.

On April 22, 2008, Petitioner was sentenced consistent with the agreement to four concurrent terms of 3-to-20 years in prison. Petitioner initially contested the amount of restitution that he would have to pay his son, but when the trial court indicated that it would set the matter for a hearing, Petitioner indicated that he would rather accept the assessment than force his son to testify at the hearing. Accordingly, Petitioner was ordered to pay restitution in the amount of $8,040.39.

Petitioner subsequently filed a motion to correct an invalid sentence. The motion raised the three claims that Petitioner presents in the instant application for habeas relief. On August 8, 2008, the trial court issued an opinion and order denying the motion, finding Petitioner's sentence to be valid.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals and raised the same claims that he raised in his motion to the trial court. The Michigan Court of Appeals denied Petitioner's delayed application for lack of merit in the grounds presented. *People v. Fann*, No. 287393 (Mich. Ct. App. October 1, 2008). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by form order. *People v. Fann*, No. 137644 (Mich. Sup. Ct. February 24, 2009).

## Discussion

**A.     Restitution**

Petitioner first claims that the amount of restitution he was ordered to pay was excessive. This objection was presented at sentencing, but when the trial court offered to hold a hearing on the

2

matter, Petitioner withdrew the objection on the grounds that he did not want to force his son to come to court. Petitioner asserts that his abandonment of the objection was involuntary because he felt psychological pressure to not further harm his son.

Even if the claim was not waived, and the amount of restitution was not correct, it would not provide a basis for granting habeas relief. The writ of habeas corpus may be granted only if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A fine is not a sufficient restraint on liberty to meet the "in custody" requirement of the statute. *See United States v. Watroba*, 56 F.3d 28, 28-29 & 29 n. 1 (6th Cir. 1995) (construing custody requirement of 28 U.S.C. § 2255); *see also Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984). Because the appropriate relief on this claim would be amendment of the restitution order and not release from custody, the grant of a writ of habeas corpus is inappropriate. *See Spight v. Stovall*, No. 07-CV-14230, 2008 U.S. Dist. LEXIS 47310, 2008 WL 2447151, *4-5 (E.D. Mich. June 18, 2008); *Carter v. Smith*, No. 06-CV-11927, 2007 U.S. Dist. LEXIS 6943, 2007 WL 325358, *7 (E.D. Mich. Jan. 31, 2007). Habeas relief is not warranted on this claim.

**B.      Hearsay in Pre-Sentencing Information Report**

Petitioner next asserts that the trial court relied on hearsay contained in the pre-sentencing information report in scoring the sentencing guidelines. Specifically, he notes that the person preparing the report was unable to contact Petitioner's son. Instead, the son's step-father responded and told the preparer that the son was psychologically harmed by the crime and did not want to participate in any court proceedings. Information obtained from the step-father about harm to the victim was used by the court in resolving sentencing guideline disputes. This did not implicate any

3

of Petitioner's federal constitutional rights.

The Sixth Amendment Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings. *See United States v. Paull*, 551 F.3d 516, 527-28 (6th Cir. 2009); *United States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006). Accordingly, there is nothing constitutionally infirm about the trial court's reliance on the step-father's statements about the impact the crime had on the victim.

In any event, the claim amounts to an allegation that the sentencing guidelines were scored incorrectly. But a Michigan trial court's allegedly improper scoring of the state's sentencing guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Petitioner has no state-created liberty interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Accordingly, Petitioner's second claim does not provide a basis for granting habeas relief.

**C.  Pre-Indictment Delay**

Petitioner's final claim asserts that a delay in bringing the charges against him resulted in him receiving consecutive sentences. Petitioner waived this claim when he pleaded guilty.

It is well-established that claims about the deprivation of constitutional rights that occur before the entry of a plea are waived by that plea. *See United States v. Broce*, 488 U.S. 563, 569

(1989); *Tollett v. Henderson*, 411 U.S. 258, 267(1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty waives any non-jurisdictional claims that arose before his plea. In such a case, the court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Petitioner does not challenge the validity of his plea, and a review of the transcript of the plea proceeding demonstrates that the plea was knowing, intelligent, and voluntary. Accordingly, Petitioner's claim concerning the timing of the charges are foreclosed by his plea.

In any event, the claim is without merit. The Due Process Clause of the Fifth Amendment provides a defendant limited protection against preindictment delay. *United States v. Lovasco*, 431 U.S. 783, 789 (1977). In determining whether a preindictment delay violates due process, a court must decide whether the delay "violates those fundamental conceptions of justice which lie at the base of our civil and political institutions . . . and which define the community's sense of fair play and decency." *Lovasco*, 431 U.S. at 790 (internal quotations omitted). The Sixth Circuit has consistently read *Lovasco* to hold that dismissal for preindictment delay is warranted only when the defendant shows both substantial prejudice to his right to a fair trial and that the delay was intentionally imposed by the government to gain a tactical advantage. *See United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992).

5

Petitioner has established neither element of a meritorious pre-indictment delay claim. Petitioner has not demonstrated substantial prejudice caused by the delay. He does not allege that any defense was lost by the lapse of time. In fact, Petitioner never proffered any defense at all to the charges and instead accepted a favorable plea bargain. Petitioner claims–without any factual support–that the delay resulted in him receiving a consecutive sentence. But the trial court found as a factual matter when it denied Petitioner's post-conviction motion that Petitioner did not receive a consecutive sentence. See Opinion dated August 8, 2008, p. 4. Petitioner has not offered any contrary evidence to overcome this presumptively correct finding of fact as required by 28 U.S.C. § 2243(e)(1). Nor has Petitioner offered any evidence whatsoever that any delay in bringing the charges against him was intentionally imposed by the government to gain a tactical advantage. Accordingly, even if the claim was not waived by Petitioner's valid guilty plea, it would not provide a basis for granting habeas relief.

## Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if Petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full

6

merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll.§ 2254.

Petitioner has not demonstrated a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. See Fed. R. App. P. 24(a).

## Conclusion

Accordingly, it is ORDERED that the petition for writ of habeas corpus is DENIED.

It is further ORDERED that a certificate of appealability is DENIED.

It is further ORDERED that permission to proceed in forma pauperis on appeal is DENIED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 8, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290